**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALVIN HICKERSON SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2749** |
| **U.S. DEPARTMENT OF VETERANS AFFAIRS, ET AL** | **SECTION "I"(4)** |

**ORDER AND REASONS**

Before the Court is a **Motion to Amend (Rec. Doc. No. 6)** filed by the plaintiff, Calvin Hickerson Sr., in which he seeks to add the United States of America as a defendant. Hickerson brings this action as a "torts claim" against numerous federal defendants for improperly denying him Veterans compensation benefits under Title 30 of the United States Code.[1] Hickerson has named as defendants, including Rowland Christian, Director of U.S. Department of Veterans Affairs, James Nicholson, Secretary of the Department of Veterans Affairs, Daniel Cooper, Undersecretary of Benefits for the Department of Veterans Affairs, the Director of the Board of Veterans Appeals, the Appeal Management Center, the United States Court of Appeals for Veterans Claims, and John Church, Director of Veterans Affairs Medical Center.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

---

[1] Rec. Doc. No. 1.

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In the instant case, the plaintiff seeks leave to amend the complaint to add as a defendant the United States of America. The United States of America, however, would not be a proper defendant at this time and this amendment would be futile.

Under the Federal Tort Claims Act ("FTCA"), "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." The purpose of the FTCA is compensating victims of governmental negligence. *Sant v. United States*, 896 F. Supp. 639, 640-641 (W.D. La. 1995). The FTCA is therefore a limited waiver of sovereign immunity. *Leleux v. United States*, 178 F.3d 750, 754 (5th

Cir. 1999). Because the conduct, denial of benefits, is alleged to have occurred in Louisiana, Louisiana tort law applies to the claims brought under the FTCA. *Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990).

However, one of the prerequisites to bringing a claim under the FTCA is that the claimant must exhaust administrative remedies prior to bringing suit. In particular, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.." 28 U.S.C. § 24675(a). Courts have held that this exhaustion requirement is jurisdictional, and without evidence that a FTCA claim has been presented to the appropriate agency, the FTCA claim must be dismissed. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1995); *Evanland v. Director of CIA*, 843 F.2d 46, 50 (1st Cir. 1988).

In this case, Hickerson has not alleged that he exhausted administrative remedies, and he provides the Court with no such evidence to support the amendment. This Court would lack jurisdiction over Hickerson's FTCA claims against the United States of America. Amendment of the complaint would therefore be futile and not in the interest of justice. Accordingly,

**IT IS ORDERED** that the **Motion to Amend (Rec. Doc. No. 6)** filed by the plaintiff, Calvin Hickerson Sr., is **DENIED**.

New Orleans, Louisiana, this \_\_\_24th\_\_\_ day of August, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**